# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| ROCOR INTERNATIONAL, INC., dba ) | CASE NO. 02-17658-WV |
| Rocor Transportation, fdba Consolidated ) | |
| Traffic Management Company, ) | |
| ) | |
| Debtor. ) | Chapter 11 |
| ) | |
| ROCIN LIQUIDATION ESTATE, ) | |
| successor in interest to Rocor ) | |
| International, Inc., debtor and ) | |
| debtor-in-possession, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ADV. NO. 04-1244-WV |
| ) | |
| COMDATA NETWORK, INC. ) | |
| d/b/a COMDATA CORPORATION, ) | |
| ) | |
| Defendant. ) | |



FILED APR 27 2005
GRANT PRICE
CLERK, U.S. BANKRUPTCY COURT
WESTERN DISTRICT OF OKLAHOMA
BY: _____, DEPUTY

## ORDER

On March 23, 2005, the defendant Comdata Network, Inc. d/b/a Comdata Corporation filed a motion for summary judgment. In response, on April 22, 2005, the plaintiff filed a pleading entitled, "Preliminary Opposition to Defendant's Motion for Summary Judgment and Brief in Support" (the "Preliminary Opposition"). In the Preliminary Opposition, the plaintiff refers to ongoing discovery efforts in this adversary proceeding and asserts that, as a result, its ability to respond to the motion for summary judgment is "limited." The plaintiff purports to "reserve the right to amend this response at the completion of discovery and before the hearing on the summary judgment motion." See Preliminary Opposition at p. 2.

20

If indeed, as the plaintiff alleges, its ability to respond sufficiently to the motion for summary judgment is hampered by a lack of discovery, the appropriate pleading to file in such a situation is a motion pursuant to FED. R. CIV. P. 56(f), which is made applicable to this proceeding by FED. R. BANKR. P. 7056.[*] A "preliminary" response to a motion, particularly in response to a dispositive motion as in this case, is not a pleading recognized by the applicable procedural rules. Further, such a pleading contemplates the filing of an additional, supplemental response at a later time, the resolution of which may, and likely will, require duplicative efforts by the court. Such a waste of judicial resources will not be countenanced by this court. Thus, the court finds that the Preliminary Opposition should be, and hereby is, STRICKEN from the record in this case. The plaintiff is permitted an additional ten (10) days from the date of this order to file an appropriate response to the motion for summary judgment or a Rule 56(f) motion, in the absence of the filing of which, the motion for summary judgment will be deemed confessed.

IT IS SO ORDERED this 27th day of April, 2005.

T.M. Weaver
Chief Bankruptcy Judge

H:\OPINIONS\2005\rocin-comdata striking preliminary opposition.wpd

---

[*]That rule provides:

Should it appear from the affidavits of a party opposing the motion [for summary judgment] that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refused the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

FED. R. CIV. P. 56(f).

## CERTIFICATE OF SERVICE

I hereby certify that on the _27th_ day of _April_, 2005, I transmitted a true and correct copy of the foregoing **Order** to the parties listed below.

Eric S. Eissenstat
Fellers, Snider, Blankenship,
Bailey & Tippens
Bank One Tower, ste. 1700
100 North Broadway
Oklahoma City, Ok. 73102-8820

W. Neal McBrayer
Miller & Martin, PLLC
1200 One Nashville Place
150 Fourth Avenue North
Nashville, TN 37219-2433

David M. Brown
Jennifer A. Merlo
Spencer Fane Britt & Browne LLP
Kimberly A. Collier
1 North Brentwood Blvd., Ste. 1000
St. Louis, Mo. 63105-3925

Emma Lombard